UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

JOSE FLOREZ

      Petitioner,              <u>MEMORANDUM AND ORDER</u>

  -against-              Civil Action No.
                         CV-00-5073 (DGT)

UNITED STATES OF AMERICA

      Respondent.

-------------------------------X

Trager, J:

    <u>Pro</u> <u>se</u> petitioner Jose M. Florez ("Florez") filed this
habeas corpus petition pursuant to 28 U.S.C. § 2255.  For the
reasons set forth below, the petition is denied.


## Background

    On December 21, 1998, petitioner Jose Florez pled guilty to
one count of conspiracy to import heroin into the United States,
in violation of 21 U.S.C. § 963.  In connection with his guilty
plea, Florez entered into a plea agreement with the Government
(the "Plea Agreement"), which contained an appeal waiver
provision stating that Florez would "not file an appeal or
otherwise challenge the conviction or sentence in the event that
the Court imposes a sentence within or below [210-262 months]."
Plea Agreement ¶¶ 2, 4.  On July 28, 1999, Florez appeared before
the United States District Court for the Eastern District of New
York and was convicted on his guilty plea.  Florez received a

downward departure below the Sentencing Guidelines range and was sentenced to the statutory minimum of 120 months' imprisonment followed by a five-year term of supervised release.

Florez filed his original petition on August 17, 2000, moving to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the following grounds: 1) trial counsel was ineffective; 2) the court erred in calculating the quantity of narcotics attributable to Florez under the sentencing guidelines; 3) the court erred in enhancing Florez's sentence for having a leadership role in the conspiracy; 4) the Government coerced Florez's co-conspirators into lying about the quantity of narcotics involved in the conspiracy; 5) Florez's sentence violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); and 6) there was a disparity between Florez's sentence and the sentences of his co-conspirators. Mot. to Vacate, Set Aside, or Correct Sentence, at 4-5(a). Florez filed a supplemental petition on October 24, 2005, expounding on his ineffective assistance of counsel claim and additionally arguing that 7) his indictment was defective. Supp. to Mot. Pursuant to 28 U.S.C. § 2255.

## Discussion

### (1)

### Florez's petition is untimely and waived

Florez's instant petition is barred both by the one-year

statute of limitations on section 2255 petitions mandated under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, and by Florez's knowing and voluntary waiver of his right to challenge his sentence.

Petitions brought under section 2255 must be filed within one year of the date on which the underlying conviction becomes final. 28 U.S.C. § 2255 ("[a] 1- year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final . . ."). In the event that no direct appeal is taken, judgment becomes final "the day after [the defendant's] time to appeal expire[s]." Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000). Federal Rule of Appellate Procedure 4(b)(1)(A) provides that in a criminal case a defendant's notice of appeal must be filed within ten days of the entry of judgment. Thus, for purposes of a habeas petition under section 2255, a defendant's conviction becomes final when he fails to file a direct appeal ten days after the judgment is entered.

Here, the court entered a Judgment of Conviction against Florez on July 28, 1999. Florez never filed an appeal. Excluding the day the conviction was entered as well as weekends under Federal Rules of Appellate Procedure 26 (a)(2) and (a)(3),

Florez's conviction became final on August 12, 1999,[1] when the ten-day time limit on filing a notice of appeal had expired. The instant petition was not filed until August 17, 2000.[2] Thus, the petition was not filed within the one-year statute of limitations required AEDPA and Florez offers no reasons to equitably toll the limitations period. As Florez's petition was untimely, the court lacks jurisdiction to entertain it.

Furthermore, Florez waived his right to file a section 2255 petition in his Plea Agreement. <u>See</u> Plea Agreement ¶ 4. The Second Circuit has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence within or below the stipulated Guidelines range shall be enforced. <u>See, e.g.</u>, <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 318 (2d Cir. 2000); <u>United States v. Djelevic</u>, 161 F.3d 104, 106 (2d Cir. 1998) (holding that appeal of sentence under section 2255 was

---

[1] The government states in its 2001 opposition brief that Florez's conviction became final on August 7, 1999. Opp. to § 2255 at 4. However, the 2002 Amendments to Subdivision 26 (a)(2) of the Federal Rules of Appellate Procedure extended the proscribed time period from which intermediate Saturdays, Sundays and legal holidays are excluded in the computation of time from less than seven days to less than eleven days. Applying this amendment retroactively, the relevant date is August 12, 2000.

[2] A prisoner's <u>pro se</u> motion under section 2255 is deemed filed on the date that it is delivered to prison authorities to be mailed. Fed. R. App. P. 25(a)(2)(C). Though Florez's petition was not filed with the clerk's office until August 20, 2000, he signed and submitted it on August 17, 2000. Therefore, August 17, 2000 will be considered the operative date.

foreclosed by plea agreement where district court imposed a
sentence within the range stipulated by the agreement).  Waivers
of appeal are binding on both direct appeals and petitions
brought under section 2255.  Djelevic, 161 F.3d at 106; LoCurto
v. United States, No. 05-CV-1327, 2006 WL 618412, at *12
(E.D.N.Y. Mar. 10, 2006) ("A knowing and voluntary waiver of a
right to appeal constitutes a waiver to relief under 28 U.S.C.
§ 2255.");  Defex v. United States, No. 97-CV-1891, 1998 WL
812572, at *2 (E.D.N.Y. May 19, 1998) (denying collateral review
under section 2255 after the defendant waived right to appeal in
plea agreement).  Permitting defendants to appeal sentences
conforming to plea agreements "would render the plea bargaining
process and resulting agreement meaningless." United States v.
Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam).

     The record reflects that Florez knowingly and voluntarily
waived his right to appeal or otherwise challenge his sentence.
During the December 21, 1998 plea allocution, Florez confirmed
that his lawyer fully explained the provisions of the Plea
Agreement to him and that he understood its terms:

     THE COURT: And did you discuss [the Plea Agreement] with
     your lawyer and understand it before you signed it?

     THE DEFENDANT: Yes --

     THE COURT: So

     THE DEFENDANT: – before I signed it, yes.

Plea Tr. at 9:12-16.  Florez also confirmed that he understood

5

the Plea Agreement's waiver provision when the Court asked him whether he understood that he was giving up his right to appeal his sentence if it fell within, or below, the range stipulated by the Plea Agreement:

> THE COURT: Okay. In paragraph 4, you have agreed not to appeal your conviction or your sentence if [the sentencing judge] gives you a sentence of 262 months or less. Do you understand?
>
> THE DEFENDANT: I'm sorry, more or less?
>
> THE COURT: If he gives you 262 month sentence or a lower sentence than that –– a lesser sentence.
>
> THE DEFENDANT : I understand, yes.

Plea Tr. at 16:13-19. Thus, Florez understood that he agreed he would "not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence within or below [210-262 months]." Plea Agreement ¶¶ 2, 4. He was sentenced to 120 months' imprisonment followed by a five-year term of supervised release; therefore, the appeal waiver provision in the Plea Agreement precludes consideration of the current petition challenging his sentence.

Accordingly, both the waiver provision in Florez's Plea Agreement and the one-year statute of limitations under AEDPA, bar consideration of Florez's section 2255 petition.

**(2)**

**Florez's claims are either procedurally barred or without merit**

Even if Florez had retained his right to appeal and had

6

filed his section 2255 petition in a timely fashion, the claims raised in his petition are either procedurally barred or meritless.  It is well-settled that a federal prisoner may not employ section 2255 as a substitute for direct appeal.  <u>See,</u> <u>e.g.</u>, <u>Pancheco v. United States</u>, No. 02-CV-4266, 2006 WL 760287, at *3 (S.D.N.Y  Mar. 23, 2006) (citing <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982)).  A petitioner may only raise a claim not raised on direct review in a section 2255 petition if the petitioner: 1) can demonstrate cause for failing to raise the claim previously and actual resulting prejudice, <u>Bousley v.</u> <u>United States</u>, 523 U.S. 614, 622 (1998); or 2) claims ineffective assistance of counsel, <u>Massaro v. United States</u>, 538 U.S. 500, 504-05 (2003) (holding that failure to raise an ineffective assistance of counsel claim on direct appeal "does not bar the claim from being brought in a later, appropriate proceeding under § 2255").  <u>See also</u> <u>Fountain v. United States</u>, 357 F.3d 250, 254 (2d Cir. 2004).  Florez did not file a direct appeal; all of the claims raised in the instant motion are being pursued for the first time in a section 2255 petition.  Thus, for all issues, except for the ineffective assistance of counsel claim, Florez must establish cause and actual prejudice.

Although Florez's petition fails to explicitly address the issue, presumably, Florez's proferred "cause" is trial counsel's ineffectiveness.  Specifically, Florez contends that, even though

7

he waived his right to appeal, he nonetheless instructed trial counsel to file a notice of appeal on his behalf, trial counsel failed to do so and, thus, denied Florez his right to direct appeal. Supp. to Mot. Pursuant to 28 U.S.C. § 2255, at 6, 8.

In reviewing this claim, the Court requested an affidavit from Florez's attorney, Jason Solotaroff ("Solotaroff"). The affidavit, filed by Solotaroff on October 18, 2006, directly controverts Florez's allegations. Solotaroff affirms that, following the sentencing, he explained to Florez that "aside from the fact [that Florez] had waived his right to appeal [in the Plea Agreement], an appeal was inadvisable because the government might cross-appeal the downward departure and [Florez] might very well receive a higher sentence than 120 months." Solotaroff Aff. ¶ 8. Solotaroff recollects that Florez accepted his advice and affirms that Florez "certainly did not direct [him] to file a notice of appeal." Id.

The determinative issue is whether or not Florez directed Solotaroff to file a notice of appeal. A review of the papers submitted by the parties, including a detailed affidavit from Solotaroff, are sufficient to decide this issue; a full testimonial hearing is unnecessary. See Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (holding that review of submitted papers constitutes a sufficient evidentiary hearing on the facts of the case to satisfy the requirement for a hearing

under 28 U.S.C. § 2255).  <u>See also</u>, <u>U.S. v. Campusano</u>, 442 F.3d
770, 776 (2d Cir. 2006) (recognizing that "the district court has
discretion to determine if a testimonial hearing will be
conducted" where petitioner claims his attorney failed to file a
requested notice of appeal).  The circumstances of this case make
it clear that Florez's claim lacks merit.  Florez faced a
sentence ranging between 120 months and life imprisonment.  21
U.S.C. § 960 (b)(1)(A).  He received a downward departure, in
part because of a novel argument crafted by Solotaroff,
contending that Florez wanted to cooperate with the government
but was unable to do so because he was unwilling to implicate his
son-in-law.  Solotaroff Aff. ¶ 6.  As a result, Florez was
sentenced to the statutory minimum of 120 months imprisonment.
If Florez had appealed his sentence, the government would then
have been in a position to cross-appeal this downward departure,
and Florez would have risked receiving a sentence higher than the
statutory minimum.  Taken together, the persuasive affidavit, the
downward departure in sentencing, the knowing and voluntary
waiver of the right to appeal and the risk of an increased
sentence on cross-appeal undermine the claim that Solotaroff
ignored explicit instructions to file a notice of appeal on
Florez's behalf.  As such, Florez is unable to demonstrate
"cause" for his default.  Because Florez never instructed
Solotaroff to file an appeal, Florez's ineffective assistance of

9

counsel claim based on failure to file an appeal is without

merit.[3]

The additional grounds Florez proffers for his ineffective

assistance claim, that counsel failed "to mount any type of

defense strategy, fail[ed] to ask for an evidentiary hearing, and

fail[ed] to dispute evidence," Mot. to Vacate, Set Aside, or

Correct Sentence, at 4, are conclusory statements, unsupported by

any specific factual allegations.  Without a more detailed

articulation of the claimed ineffectiveness, there is no basis on

which to analyze the merits of these arguments.  Additionally,

Florez's testimony during his plea allocution directly

contradicts his allegations.  Plea Tr. at 7:23-24 (The Court:

"Are you satisfied to have [Solotaroff] represent you?" Florez:

"Yes.  He's representing me well, thank you.").  Given the novel

and successful arguments crafted by counsel, Florez's approval of

counsel on the record, the court's assessment of counsel based on

numerous interactions with him as a highly competent and ethical

---

[3] The factual finding that Florez did not ask his counsel to
file an appeal on his behalf precludes application to this case
of the Second Circuit's recent decision in U.S. v. Campusano, 442
F.3d 770, 771-72 (2d. Cir. 2006) (holding constitutionally
ineffective an attorney's failure to file requested notice of
appeal or adequate Anders brief even though client waived his
right to appeal in plea agreement).  See Lopez v. U.S., No. 03-
CR-317, 2006 WL 2020389, *2-3 (S.D.N.Y. July 12, 2006) (holding
Campusano only applies where the court determines that petitioner
actually instructed trial counsel to file a notice of appeal).
As noted above, the district court has discretion to make this
factual determination without an evidentiary hearing.  Campusano,
442 F.3d at 776.

attorney and the lack of any specific allegations, the additional grounds are insufficient to establish ineffective assistance of counsel.

Thus, the claims contained in the procedurally-barred petition would fail, as Florez's ineffective assistance claim lacks merit and Florez has failed to establish "cause" sufficient to overcome the procedural hurdle precluding a consideration of his remaining claims on the merits.

## Conclusion

For the aforementioned reasons, Florez's petition is denied. The Clerk of the Court is directed to close the case.

Dated:     Brooklyn, New York
           January 18, 2007
                              SO ORDERED:


                              _____/s/_____
                              David G. Trager
                              United States District Judge